**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  26-22467-CV-MIDDLEBROOKS

FATIMA ALONDRA ARROLIGA ARAYA
Filed by Next Friend GERARDO
ROSALIO ESTRADA AGUIRRE,

      Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER, *et al.*,

      Respondents.

_____/

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus

("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Next Friend Gerardo Rosalio Estrada

Aguirre ("Next Friend")[1] on behalf of Petitioner Fatima Alondra Arroliga Araya ("Petitioner").

Respondents have filed an abbreviated Response (DE 9) opposing the Petition, claiming Petitioner

is subject to mandatory detention pursuant to 8 U.S.C. § 1226(a).  Upon consideration of the filings

---

[1] Next Friend has filed a "Motion for Leave to Proceed as Next Friend" ("Motion") (DE 8) explaining that he has a "significant and longstanding relationship with Petitioner" since 2021. (*Id.* at 1).  Next Friend states he and Petitioner have lived as a family while residing in Miami, Florida, together with their daughter, who is a U.S. citizen. (*Id.* at 1–2).  Next Friend explains that Petitioner could not "realistically prepare and file" the Petition because she is "without counsel," and lacks "practical access to the outside records and family documents." (*Id.* at 2).  Next Friend claims he has brought this action "solely to protect Petitioner's liberty interests and legal rights." (*Id.*).  Given Next Friend's representations in the Motion, I find that Next Friend has standing to bring this § 2241 action on behalf of Petitioner.  *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

by the Parties, pertinent portions of the record, and relevant authorities, for the reasons discussed below, the Petition is **GRANTED IN PART**.

## I.   BACKGROUND

Petitioner is a native and citizen of Nicaragua.  (DE 1 at 1).  Petitioner claims she has been in immigration custody since April 3, 2026.  (DE 1 at 1).  On April 7, 2026, Next Friend filed the Petition presently before me for consideration.  (*Id.*).  Petitioner claims her continued detention by immigration officials since April 3, 2026 violates her constitutional rights.  (*Id.* at 3–5).  As relief, Petitioner requests that I issue an Order directing Respondents immediately release her from custody with or without a bond hearing.  (*Id.* at 5).

In their Response, Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and discretionary detention under 8 U.S.C. § 1226(a) is not applicable.  (DE 9 at 1–6).

## II.   DISCUSSION

Given the allegations in the Petition, I must consider whether Petitioner's pre-removal detention has become unreasonably prolonged.  District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. §  2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

This case, like a plethora of other cases around the country, arises from the DHS's recent changes to its interpretation of the INA detention provisions under Section 1225 and Section 1226 and the BIA's agreement with that interpretation in *Matter of Yajure Hurtado*, 29 U.& & N. Dec.

216 (BIA 2025).  Under the INA, Sections 1225 and 1226 govern the detention of noncitizens before a final order of removal.  Section 1225 governs the inspection, detention and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq.*  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States."  *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)[2] (An alien who "'arrives in the United States' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'")

All applicants for admission "must be inspected by immigration officials to ensure that they may be admitted into the country consistent with U.S. immigration law."  *Jennings*, 583 U.S. at 287 (citing Section 1225(a)(1)).  However, certain applicants for admission may be subject to removal proceedings under Section 1225(b).  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108–09 (2020) (citations omitted); *see also Jennings*, 583 U.S. at 287.  "Because section 1225 is mandatory, a 'noncitizen detained under section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit."

Unlike Section 1225, Section 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289.  Section 1226(a) sets out a discretionary framework for noncitizens arrested and detained "[o]n a warrant issued by the Attorney General," and authorizes the Attorney General to "continue to detain the arrested alien[,]" release him on a "bond of at least $1,500[,]" or release him on "conditional parole[.]" 8 U.S.C. § 1226(a)(1)–(2).  While the arresting immigration officer makes

---

[2] In fact, the Supreme Court in *Jennings* emphasized the distinction between Section 1225, which applies to noncitizens seeking admission to the country at the border or a port of entry, while Section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

an initial custody determination, noncitizens detained under § 1226(a) may appeal that determination in a bond hearing before an IJ. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Also, on July 8, 2025, DHS informed ICE employees that § 1225(b)(2), rather than § 1226(a), applies to all non-citizens present in the United States who have 'not been admitted . . . whether or not at a designated port of arrival." *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admissions*, AILA Doc. No. 25071607 (Jul. 8, 2025)). As a result, DHS maintains that all non-citizens present in the United States who have not been admitted or paroled are applicants for admission and are subject to mandatory detention under § 1225(b)(2), without the possibility of bond. *Id.* On September 5, 2025, the BIA agreed with the DHS's position, issuing a binding precedent in *Matter of Yajure Hurtado* that IJs lack the authority to hear bond requests or to grant bonds to aliens who are present in the United States without admission because those aliens are properly detained under § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Whether Petitioner is detained under Section 1225 or Section 1226 necessarily depends on the meaning of "seeking admission." The phrase "seeking admission" is ambiguous in the context of the INA. *See* 8 U.S.C. §§ 1102, 1225. Section 1225 defines an "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1). And, "admission" and "admitted" are defined as "the lawful entry of an alien into the United States after inspection and authorization by an immigration

officer."  8 U.S.C. § 1101(a)(13).  However, the phrase "seeking admission" is not defined in the INA.  8 U.S.C. § 1225(b)(2)(A); *see generally* 8 U.S.C. § 1101.

Respondents argue that Petitioner is properly detained without bond under § 1225(b) as opposed to § 1226(a).[3]  (DE 9 at 1–6).  The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction.  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

More importantly, I have previously rejected the precise arguments raised by Respondents here.  *See Sanchez v. Noem,* No. 0:25-cv-62677-DMM (S.D. Fla. Jan. 20, 2020) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 222556 (S.D. Fla. Jan. 28, 2026); *see also Gonzalez v. Noem*, No. 0:25-cv-62261-DMM 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025) (concluding that "Petitioner's detention is

---

[3] Respondents, however, recognize that adverse district court decisions from the Southern District of Florida have been issued with respect to this argument but maintain and preserve their position for appellate purposes.  (DE 9 at 3–5) (citations omitted).

governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 115211, at *1 (S.D. Fla. Jan. 15, 2026). Additionally, courts in this District and around the country have also rejected Respondents' position.[4] *See e.g.*, *Merino v. Ripa*, No. 25-23856-CIV-Martinez, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) ("DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statute's legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Ass't Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's.").

For all of these reasons, the Court finds Petitioner is entitled to an individualized bond hearing as an alien detained under § 1226(a) and the IJ has jurisdiction to conduct the bond hearing. Petitioner's challenges to her detention under the Fifth Amendment are not addressed because the

---

[4] Nonetheless, I recognize that, in a split-decision, the Fifth Circuit recently reached a contrary conclusion, agreeing with the government's interpretation of the INA, in concluding that aliens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided in the United States. *See generally Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). However, I am not bound by the Fifth Circuit's decision and neither are the district courts in this Circuit. *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989) ("Under the established federal legal system the decision of one circuit are not binding on other circuits"). And, the Eleventh Circuit has not yet ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Court is granting Petitioner a bond hearing.  *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 at *3 (E.D. Mich. Sept. 9, 2025).  If, however, Respondents do not provide Petitioner with a bond hearing as ordered, she can renew his Fifth Amendment due process claims in a subsequent habeas corpus proceeding.

### III.  CONCLUSION

For all the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Next Friend's Motion (DE 8) is **GRANTED**.

2.    The Petition (DE 1) is **GRANTED IN PART**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days of the date of entry of this Order and file a notice with this Court upon completion of the bond hearing indicating that a bond hearing has been held. Failure to file a notice in the record within the seven days may result in the Court ordering the immediate release of Petitioner.

3.    I further find that the IJ has jurisdiction to conduct the bond hearing.

4.    All pending motions not otherwise ruled upon are **DENIED, as moot**.

5.    The Clerk shall send a copy of this Order to the non-party addressees listed below, note the docket that this has been accomplished, as ordered, and then **CLOSE** this case.

6.    I will, however, **RETAIN JURISDICTION** to enforce this Order.

**SIGNED** in Chambers at West Palm Beach, Florida this 22nd day of April, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to**:

**Fatima Alondra Arroliga Araya,** *Pro Se*
A# 246162114
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Brittany B. Brock, AUSA**
U.S. Attorney's Office
Email: brittany.brock@usdoj.gov

**Gerardo Rosalio Estrada Aguirre,** *Next Friend*
1638 S.W. 6th Street, Apt. 8
Miami, FL  33135